413 P.2d 299

**Lorraine Clinton Harker BECKSTRAND, Plaintiff and Respondent,**

v.

**Joseph Keith HARKER, Defendant and Appellant.**

**No. 10439.**

Supreme Court of Utah.

April 20, 1966.

Dansie, Ellett & Hammill, Walter R. Ellett, Murray, for appellant.

David K. Winder, Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a judgment that Joseph, former husband of plaintiff, Lorraine Harker, should be obliged to pay her for child support arrearages aggregating somewhere near $4,000. Reluctantly affirmed, with no costs or attorney's fees awarded.

Lorraine bore David, begat of her husband, Joseph, after seven or eight married years. Lorraine seemed to carry the slingshot, while David was auctioned off, at $50 per month, lock, stock and barrel. Lorraine's divorce from Joseph, an apparent tribute to nothing, was solemnized on February 19, 1958. The boy's mother, Lorraine, in a very few months after her Utah divorce, took off for California, thus in practical effect, denying Joseph his visitation rights,—marrying somebody named Beckstrand, who permitted her to file a Utah petition to force his erstwhile competitor to pay for some delinquencies,—most of which were met.

Parenthetically, Lorraine's terrific desire to comply with the court's interdiction that Joseph annually might see and visit with David, was accompanied by a claimed superhuman effort to comply factually, which had a Fulton Fish Market aroma. Her second and second-hand husband furnished no disinfectant.

Nonetheless, under our cases, she is entitled to her judgment, David's interests to the contrary notwithstanding, and her and Beckstrand's interests not to the contrary notwithstanding. We affirm the trial court sadly, being interested in the welfare of a child whose custody was awarded by our local court,—but we wonder how and why and under what circumstances this Beckstrand person was allowed to adopt David without Joseph's consent.

A *small investigation* might be warranted in which event someone might ask why this adoption was delayed until a $4,000 support-money obligation accrued against Joseph, in favor of,—Mr. and Mrs. Beckstrand,—

and how such adoption could have been accomplished without Joseph's, the natural father's consent.

McDONOUGH, CROCKETT and WADE, JJ., concur.

CALLISTER, J., concurs in the result.